**Marcos Bautista DE BELEN,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–72208.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Rodel E. Rodis, Esq., Law Offices of Rodel E. Rodis, San Francisco, CA, Joan E. Smiley, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., David E. Dauenhemer, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY and BYBEE, Circuit Judges.

MEMORANDUM **

Marcos Bautista de Belen, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part, deny in part, and grant in part the petition for review and remand.

We lack jurisdiction to review de Belen's challenge to the IJ's denial of his applications for relief because he failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

De Belen contends that he was denied due process during his immigration hearing due to the ineffective assistance of his former attorneys. We reject this claim because, as the BIA concluded, de Belen failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Further, the alleged ineffective assistance of counsel is not plain on the face of the administrative record. *See Castillo–Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir.2000).

The IJ denied de Belen's counsel's motion to withdraw prior to the hearing, abruptly changed her mind during the hearing and granted the motion to withdraw. The IJ abused her discretion by failing to offer de Belen a continuance and *requiring him to go forward* without allowing him a reasonable opportunity thereafter to hire a new attorney. Accordingly, we remand this matter to the BIA to remand it to the IJ for a new hearing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.